UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TONY LEE MUTSCHLER,

        Plaintiff,

        v.                          Civil Action No. 3:16-CV-327

CORRECTIONAL OFFICER CORBY,
*et al.*,                          (Judge Kosik)

        Defendants.

**MEMORANDUM**

Before the Court are Plaintiff's objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson. For the reasons which follow, we will adopt the R&R.

**I. BACKGROUND**

Plaintiff, Tony Lee Mutschler ("Mutschler"), is an inmate currently incarcerated within the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution ("SCI") Coal Township. Mutschler filed this action on February 23, 2016 (Doc. 1), alleging that Defendant Corby used excessive force against him in July 2014, and that a second, unidentified lieutenant, failed to intervene. (Doc. 1). Mutschler also names three supervisory defendants, Superintendent Tritt, Deputy Superintendent Miller, and Captain Downs, alleging that they participated in, or acquiesced in the conduct of Defendant Corby. He further alleges that these supervisory Defendants failed to act favorably upon his grievances concerning his allegations of

1

excessive force.  (Doc. 1).

Pursuant to the Magistrate Judge's statutory obligations under 28 U.S.C. § 1915(3)(2) to screen the complaint, the Magistrate Judge found that Mutschler failed to state a claim upon which relief may be granted with respect to the three supervisory Defendants.  He recommends that this Court dismiss the claims against these three supervisory Defendants, without prejudice, and allow Mutschler to file an amended complaint to attempt to correct the deficiencies noted in his R&R.  (Doc. 10).

On March 29, 2016, Mutschler filed objections to the R&R.  (Doc. 13).  From what this Court can discern, Mutschler consents to the dismissal of Defendant Captain Downs from this action.  (Id).  He objects, however, to the dismissal of Defendants Superintendent Tritt and Deputy Superintendent Miller on the basis that it is their custom to disregard inmates' complaints and their failure to make reasonable efforts to investigate the complaints of inmates.  (Id).

## II.  STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.  Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

### III. DISCUSSION

Plaintiff argues that while the supervisory Defendants may not have personally participated, or have been personally involved in the excessive force claim, he argues that they all personally knew of and acknowledged what was taking place, and are therefore liable as supervisors.

Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Individual liability can only be imposed if the state actor played an "affirmative part" in the alleged misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. Rode, 845 F.2d at 1207-08. Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. at 1208 (quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991)).

Additionally, participation in the after-the-fact review of a grievance is not enough to establish personal involvement. See, e.g. Rode, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006)(per curiam)(allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not

establish the involvement of those officials and administrators in the underlying deprivation); Burnside v. Moser, 138 F. App'x 4114, 416 (3d Cir. 2005)(per curiam)(failure of prison official to process administrative grievance did not amount to a constitutional violation or personal involvement in the alleged constitutional deprivation grieved). It has also been found that simply alleging that an official failed to respond to a letter or request Plaintiff may have sent raising complaints, is not enough to demonstrate they had the requisite personal involvement. See Rivera v. Fischer, 655 F. Supp. 2d 235 (W.D.N.Y. 2009)(finding that many courts have held that merely writing a letter of complaint does not provide personal involvement necessary to maintain a § 1983 claim).

Upon review of the record, we are in agreement with the Magistrate Judge: Mutschler has not alleged well-pleaded facts showing that the supervisory defendants, Superintendent Tritt, Deputy Superintendent Miller, and Captain Downs, had knowledge of and acquiesced in their subordinates' alleged violations. Because Plaintiff concedes to the dismissal of Defendant Captain Downs, we will dismiss him from this action. Further, we will adopt the Magistrate Judge's recommendation and dismiss supervisory Defendants Superintendent Tritt and Deputy Superintendent Miller, without prejudice, and allow Plaintiff to file an amended complaint in accordance with the Magistrate Judge's March 10, 2016, Report and Recommendation (Doc. 10).

### IV. Conclusion

For the reasons set forth above, we will adopt the Magistrate Judge's recommendation (Doc. 10). The Court has given reasoned consideration to the portions of the Report to which there are no objections, and we agree with the Magistrate Judge's recommendations. An appropriate order follows.