# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY MUTSCHLER, | : | |
| Plaintiff, | : | |
| v. | : | No.: 3:16-CV-327 |
| CORRECTIONAL OFFICER CORBY, | : | (Judge Brann) |
| Defendant. | : | |

## MEMORANDUM OPINION

### SEPTEMBER 6, 2017

**I.     BACKGROUND**

Tony Mutschler an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.) filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1]  As a result of prior Memoranda and Orders entered in this matter, the claims against Defendants Captain Downs, Superintendent Tritt, and Deputy Superintendent Miller were dismissed.

Remaining Defendants are Correctional Officer Kevin Corby and two John Doe Defendants who are all employed at Plaintiff's prior place of incarceration the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville).[2]

---

[1] This matter was initially assigned to the Honorable Edwin M. Kosik of this Court.

[2]  One John Doe is described as being a Lieutenant, the other a Correctional Officer.

Plaintiff contends that Defendant Corby subjected him to an unwarranted use of excessive force in the SCI-Frackville Restricted Housing Unit (RHU) during the evening of July 28, 2014. It is alleged that following a verbal exchange Corby grabbed the Plaintiff by the neck and shoved him backward against the wall of a shower stall. As a result of hitting his head against the wall, Mutschler claims that he was rendered unconscious, fell to the floor, and suffered a mild seizure. *See* Doc. 1, p. 3. It is further asserted that a second official, Lieutenant John Doe, failed to intervene and that Correctional Officer John Doe had minor involvement in the incident.

Presently pending is a motion to dismiss filed by Defendant Corby. *See* Doc. 25. The opposed motion is now ripe for consideration.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)).

A plaintiff must present facts that, if true, demonstrate a plausible right to relief. *See* Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. *Id*. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. *See id.* at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a

particular cause of action). Finally, *pro se* pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. John Doe Defendants

The initial argument for dismissal asserts that the John Doe Defendants named in the Complaint should be dismissed as they have not been identified and the time period for so doing has expired. *See* Doc. 26, p.4.

John Doe defendants may only be allowed "to stand in for the alleged real parties until discovery permits the intended defendants to be installed." *Johnson v. City of Erie*, 834 F. Supp. 873, 878 (W.D. Pa. 1993) (citations omitted). Absent compelling reasons, a district court may dismiss such defendants if a plaintiff, after being granted a reasonable period of discovery, fails to identify them. *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 37 (E.D. Pa. 1990) ("Fictitious parties must eventually be dismissed, if discovery yields no identities.").

By Order dated November 28, 2016, the Plaintiff was directed to identify the John Doe Defendants named in the Complaint or risk their dismissal from this action. *See* Doc. 19. Based on this Court's review of the record, although this action was filed approximately a year and a half ago, Plaintiff has failed to provide the identities of the John Doe defendants. Under the standards announced in *Scheetz,* since Mutschler has been granted a reasonable period of time in which to identify the John Doe Defendants and failed to do so, entry of dismissal in favor of

the John Doe Defendants is now appropriate.

### C. Defendant Corby

Remaining Defendant Corby contends that he is entitled to entry of dismissal because the Complaint fails to comply with Federal Rule of Civil Procedure 8. *See* Doc. 26, p. 5. It is alternatively requested that Mutschler be directed to file an amended complaint.

Rule 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader. Although there is no heightened pleading standard in civil rights cases, a civil rights complaint, in order to comply with Rule 8, must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that a court can determine that the complaint is not frivolous and that a defendant has adequate notice to frame an answer.[3] A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. As previously noted, *pro se*

---

[3] In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to civil rights actions. The Court noted that a civil rights complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id*. at 167.

parties are accorded substantial deference and liberality under *Haines*.

In light of the liberal construction applied to *pro se* pleadings, Remaining Defendant Corby has been given fair notice of Plaintiff's excessive force claim and the concise grounds upon which it rests. Specifically, it is adequately alleged that Corby, while acting under color of state law, subjected Plaintiff to an unwarranted use of excessive force in violation of the Eighth Amendment. Plaintiff elaborates that the use of force at issue occurred in the SCI-Frackville RHU shower room on the evening of July 28, 2014. Moreover, the Complaint specifically describes the purported actions taken by Corby on that date.

Based upon a thorough review of the factual allegations asserted against Corby, together with an application of *Leatherman*, I believe that the *pro se* excessive force claim raised against Corby adequately complies with the requirements of Rule 8. Remaining Defendant Corby's request for dismissal will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge