IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY L. MUTSCHLER, | : | No. 3:16-CV-0327 |
| | : | |
| Plaintiff | : | |
| | : | Judge Matthew W. Brann |
| v. | : | |
| | : | |
| C.O. CORBY, | : | |
| Defendant | : | Electronically Filed |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The instant case contains one surviving claim—a claim of excessive force against one Defendant, C.O. Corby. However, the Plaintiff has failed to demonstrate that the force used was excessive under the circumstances. Hence, summary judgment in the Defendant's favor is appropriate, and this case should be closed.

## PROCEDURAL AND FACTUAL HISTORY[1]

At the time of the filing of the Complaint, the Plaintiff was incarcerated at SCI-Frackville. Doc. 1, ¶ 1 (noting that Defendant Corby was employed at SCI-Frackville). On July 28, 2014, Defendant Corby shoved the Plaintiff in the shower area, which resulted in the Plaintiff hitting his head. *Id.* at Section VI, ¶ 1. As a

---

[1] In accordance with Local Rule 56.1, the Defendants have also filed a separate Statement of Undisputed Material Facts ("SMF") simultaneously with their Motion for Summary Judgment.

result of hitting his head, he received medical treatment for a superficial abrasion. *See* Plaintiff's Medical Records. The Plaintiff denied any other injuries. *Id.*

The Plaintiff filed this Complaint on February 23, 2016. Doc. 1. The Honorable Judge Kosik (to whom this case was originally assigned) dismissed claims against other DOC Defendants. Docs. 18, 19.[2] Discovery has closed, and Defendant Corby has filed a motion for summary judgment, which this brief supports.

## QUESTION PRESENTED

1. Should Defendant Corby be granted summary judgment on the Plaintiff's excessive force claim, as the force used was reasonable under the circumstances, the Plaintiff suffered a *de minimus* injury, video evidence blatantly contradicts the Plaintiff's claims, and qualified immunity would also shield the Defendant from liability?

*Suggested Answer: Yes*.

## ARGUMENT

When reviewing an inmate's excessive force claim, the critical inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Ricks v. Shover*, 891 F.3d 468, 480

---

[2] The case was subsequently reassigned, and the Court dismissed John Doe Defendants from this action on September 6, 2017. Doc. 34.

(3d Cir. 2018) (quoting *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). And when analyzing the officer's intent, five factors are considered: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response." *Id.* (quoting *Brooks*, 204 F.3d at 106). It is incorrect "that every malevolent touch by a prison guard gives rise to a federal cause of action;" "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" *Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (citation omitted).

Furthermore, when an opposing party's side of the story is "blatantly contradicted" by clear video evidence on the record, "so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007); *see, e.g., Fennell v. Cambria County Prison*, 607 F. App'x 145, 148 (3d Cir. 2015) (ruling that "the District Court properly relied on the videotape of the incident to resolve any factual disputes" between an officer and a state prisoner in an excessive force case). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with

the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citation omitted); *see also Fuentes v. Wagner,* 206 F.3d 335, 346 (even if the Plaintiff "has established at most that prison officials over-reacted to the disturbance that he caused . . . any such over-reaction would still fall short of supporting a finding that prison officials acted 'maliciously and sadistically to cause harm.'").

Applying these standards to the Plaintiff's allegations, Defendant Corby is entitled to summary judgment. The video evidence shows the Plaintiff being taken to the shower area. Video at 0:34-0:46. It then shows Defendant Corby make a quick movement, consistent with a shove. *Id.* at 0:48. While it is certainly unfortunate that the Plaintiff ended up hitting his head on the shower wall, it cannot be said that this was due to "excessive force" on Defendant Corby's part. A Sergeant (not Defendant Corby) spun the Plaintiff as he was trying to get through the shower door. Plaintiff's Deposition, pp. 33-34 (attached to this Brief as Exhibit 1). As a result, the Plaintiff lost his balance, which then caused Defendant Corby to grab him and shove him backwards. *Id.* at 40-41. Due to hitting his head, the Plaintiff suffered an abrasion to his head, and was given ice for that abrasion. *See*

4

Plaintiff's Medical Records, p. 1. There were no other injuries on his head, and the only other symptom noted was that the Plaintiff had a headache.[3] *Id.* at p. 2.

Applying the *Ricks* factors, as set forth above, to this case, Defendant Corby is not liable for using excessive force. Defendant Corby reasonably believed that the Plaintiff was trying to leave the shower, after the Plaintiff, by his own admission, lost his balance (which then caused him to appear to leave the shower door area). While it is easy to Monday-Morning quarterback Defendant Corby's action and argue that the Plaintiff was *not* trying to leave the shower area, or that Defendant Corby should have perhaps acted less hastily, the standard is what Defendant Corby knew at the time, not what we later learn through hindsight; nor are we to condemn Defendant Corby for "overreacting" to the Plaintiff's actions. *See Graham, supra,* and *Fuentes, supra.* The Plaintiff was shoved once, which is not a type of force that suggests malevolence or excessiveness. This is reinforced by the Plaintiff's injuries (an abrasion to the head), which were relatively minor. What occurred here is the prototypical "push or shove" that "may later seem unnecessary in the peace of a judge's chambers," but what did *not* occur here was a violation of the Plaintiff's constitutional rights. *See Hudson, supra.* Therefore,

---

[3] The Plaintiff told the nurse that he "ha[s] nerve damage and [he] twitch[es] and shake[s] a lot," but he is not claiming that his hitting his head "caused" nerve damage. Plaintiff's Medical Records, p. 2; *see also* Plaintiff's Deposition, p. 32 (explaining that he was hit by a truck about 30 years ago, which caused nerve damage).

Defendant Corby is entitled to summary judgment on the Plaintiff's summary judgment claim.

Additionally, even if the Court determines that Defendant Corby violated the Plaintiff's constitutional rights, qualified immunity should shield him from liability. A plaintiff seeking to defeat a qualified immunity defense must establish (1) not only that a constitutional right was violated, but (2) that "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (citation omitted). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, (1987). Furthermore, the Supreme Court of the United States has "repeatedly told courts . . . not to define clearly established law at a high level of generality," but instead instructed them to consider "whether the violative nature of *particular* conduct is clearly established." *Mullenix v. Luna,* 136 S.Ct. 305, 308 (2015) (citations and quotation marks omitted) (emphasis in original).

While prisoners certainly have the right to not be subjected to excessive force, the true issue is whether the force to which the Plaintiff was subjected constitutes excessive force, such that it would be beyond debate that the force used was excessive. Preliminarily, it is unclear that Third Circuit decisions, standing alone, could constitute clearly established law. *See, e.g., Reichle v. Howards,* 566

U.S. 658, 665-66 (2012) ("Assuming arguendo that controlling Court of Appeals' authority could be a dispositive source of clearly established law . . ."). However, assuming that it could, the "controlling authority" within the Third Circuit is far from clear that the force used here was "excessive." Put another way, Defendant Corby would not have been on notice that his particular conduct would have violated the Plaintiff's constitutional rights.

The Constitution is not violated through a "*de minimus* use[] of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (citations and quotation marks omitted). In *Reyes v. Chinnici,* 54 F. App'x. 44 (3d Cir. 2002), the Court, in a non-precedential opinion, determined that punching an inmate once did not violate the Eighth Amendment. Likewise, the Court in *Caldwell v. Luzerne County Corrections Facility Management Employees,* 732 F.Supp. 2d 458 (M.D. Pa. Aug. 11, 2010) determined that punching an inmate once in the back of the head did not violate the Constitution. Finally, in *Thomas v. Ferguson,* 361 F.Supp.2d 435 (D. N.J. Dec. 2, 2004), the Court concluded that the Plaintiff's allegations, which amounted to being punched three times and shoved twice during an altercation, did not violate the Constitution.

Herein, the Plaintiff's allegations (being shoved once by Defendant Corby, which caused him to hit his head, causing minor injuries) are on par with the

allegations in *Reyes, Caldwell,* and *Thomas,* none of which were found to be unconstitutional by the Court. Thus, a reasonable official in Defendant Corby's shoes would not have been on notice that the force used in this instance—a single shove resulting in minor injuries—was a violation of the Plaintiff's constitutional rights, as similar actions have not been found to be unconstitutional. Therefore, even if the force used here was excessive, the excessiveness was not clearly established, and as such, Defendant Corby is entitled to summary judgment on this claim.

## CONCLUSION

For the reasons set forth in this Brief, Defendant Corby respectfully requests that this Honorable Court grant summary judgment in his favor on the Plaintiff's excessive force claim.

**Respectfully submitted,**

**JOSH SHAPIRO**
**Attorney General**

By:   *s/ Caleb Curtis Enerson*
**CALEB CURTIS ENERSON**
**Deputy Attorney General**
**Attorney ID 313832**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 705-5774**
**Fax:   (717) 772-4526**
**cenerson@attorneygeneral.gov**

**KAREN M. ROMANO**
**Acting Chief Deputy Attorney General**

**Date:  September 6, 2019**            *Counsel for Defendant*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TONY L. MUTSCHLER,** | : | No. 3:16-CV-0327 |
| | : | |
| **Plaintiff** | : | |
| | : | Judge Matthew W. Brann |
| v. | : | |
| | : | |
| **C.O. CORBY,** | : | |
| **Defendant** | : | Electronically Filed |

## CERTIFICATE OF SERVICE

I, CALEB CURTIS ENERSON, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on September 6, 2019, I caused to be served a true and correct copy of the foregoing document to the following via First Class, U.S. Mail:

| | |
|---|---|
| Tony Mutschler<br>34622 Hudson Road<br>Laurel, DE 19956 | |

    *s/Caleb Curtis Enerson*
**CALEB CURTIS ENERSON**
**Deputy Attorney General**