# EXHIBIT 2

607 Fed.Appx. 145
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally
governing citation of judicial decisions issued
on or after Jan. 1, 2007. See also U.S.Ct. of
Appeals 3rd Cir. App. I, IOP 5.1, 5.3, and 5.7.
United States Court of Appeals,
Third Circuit.

Robert FENNELL, Appellant
v.
CAMBRIA COUNTY PRISON; Correctional Officer Hale; Correctional Officer Cashoff; Correctional Officer Leverknight; Correctional Officer John Doe # 1; Correctional Officer John Doe # 2; Correctional Officer John Doe # 3; Correctional Officer John Doe # 4; Correctional Officer Lt. John Doe # 5; City of Ebensburg.

No. 13–4276.
|
Submitted Pursuant to Third Circuit
LAR 34.1(a) April 6, 2015.
|
Opinion filed: April 7, 2015.

**Synopsis**
**Background:** State prisoner filed a civil rights complaint against corrections officers, county prison, and city, under § 1983, alleging that corrections officers used excessive force against him and were deliberately indifferent to his serious medical needs. Defendants moved for summary judgment. The United States District Court for the Western District of Pennsylvania, Kim R. Gibson, J., 2013 WL 5410062, adopted report and recommendation of Keith A. Pesto, United States Magistrate Judge, and granted motion. Prisoner appealed, proceeding pro se and in forma pauperis.

**Holdings:** The Court of Appeals held that:

corrections officers did not use excessive force against state prisoner when securing restraint belt, and

prisoner exhausted prison administrative remedies for assault claims.

Affirmed in part, vacated in part, and remanded.

 **\*146**  On Appeal from the United States District Court for the Western District of Pennsylvania, (D.C. Civil Action No. 12–cv–00021), District Judge: Honorable Kim R. Gibson.

**Attorneys and Law Firms**

Robert Fennell, Huntingdon, PA, pro se.

Attorney General Pennsylvania, Office of Attorney General of Pennsylvania, Marie M. Jones, Esq., Michael R. Lettrich, Esq., JonesPassodelis, Pittsburgh, PA, District Attorney Cambria County, Ebensburg, PA, for Cambria County Prison, Correctional Officer Hale, Correctional Officer Cashoff, Correctional Officer Leverknight and City of Ebensburg.

Before: FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges.

OPINION[*]

PER CURIAM.

Robert Fennell, proceeding pro se and in forma pauperis, appeals from a District Court order granting the Appellees' motion **\*147** for summary judgment. For the following reasons, we will affirm in part, vacate in part, and remand to the District Court for further proceedings.

As we write only for the parties, who are familiar with the facts and procedural history, we will set forth only those facts necessary to our conclusions. On October 29, 2010, Fennell, a state prisoner serving a 20 to 40 year sentence, was temporarily housed at the Cambria County Prison in Ebensburg, Pennsylvania. At approximately 8:30 a.m., Corrections Officers Hale and Leverknight were in a dayroom preparing to transport Fennell to the prison yard. Officer Hale noticed that Fennell's restraint belt, which secures an inmate's hands to his waist, was unfastened. Officer Hale tackled Fennell to the ground. Officer Leverknight and other officers, whose names Fennell did not know, arrived to help restrain him. Fennell claimed that he was then taken to a cell, where he was placed on the floor, assaulted further, stripped of his clothes, and then "[f]elt hands rubbing his butt and he jumped." In an affidavit, Fennell explained that during this incident someone "place[d] I believe a finger in my butt."

Fennell also asserted that he was denied medical care after the incidents. Later that day, Fennell was transferred back to SCI–Houtzdale.

In February 2012, Fennell filed a civil rights complaint under 42 U.S.C. § 1983, alleging, inter alia, that corrections officers used excessive force against him and were deliberately indifferent to his serious medical needs.[1] The defendants moved for summary judgment, arguing that Fennell failed to exhaust his administrative remedies and that there were no genuine issues of material fact. The matter was referred to a Magistrate Judge, who recommended denying as unexhausted Fennell's claims pertaining to the assault that occurred when he was taken to a cell and his allegations regarding the denial of medical care. In a supplemental Report and Recommendation, the Magistrate Judge recommended denying the remaining claims concerning the initial assault in the dayroom. After viewing a video of that incident, the Magistrate Judge concluded that excessive force was not used. Over Fennell's objections, the District Court adopted the Reports and Recommendations, and granted the motion for summary judgment. Fennell filed a timely notice of appeal.[2]

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review of a District Court's order granting or denying summary judgment, applying the same standard as the District Court. *See Tri–M Grp., LLC v. Sharp,* 638 F.3d 406, 415 (3d Cir.2011). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party **\*148** is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Kaucher v. Cnty. of Bucks,* 455 F.3d 418, 422–23 (3d Cir.2006).

The core inquiry of an excessive-force claim is " 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' " *Wilkins v. Gaddy,* 559 U.S. 34, 37, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010) (per curiam) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). In conducting that inquiry, we examine the need for the application of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates, and any efforts to temper the severity of a forceful response. *See Brooks v. Kyler,* 204 F.3d 102, 106 (3d Cir.2000). Fennell argues that the Magistrate Judge "ignored the fact that [he] was already cuffed before the first assault." Even if Fennell were handcuffed, however, it does not automatically follow that the use of force on him was excessive. The Magistrate Judge concluded, based in part on a review of a videotape of the incident in the dayroom, that Fennell's hands were not secured to his restraint belt, that he is a large person (6′5″ and 285 lbs.) with a violent history, that he "crouche [d] lower and widen[ed] his stance" when Office Hale approached him, that the officers did not strike Fennell, and that, other than favoring his right leg as he walked out of the camera's view, Fennell appeared to be in no stress after he was restrained. Although Fennell offered affidavits from other prisoners in support of his account of what happened in the dayroom, the District Court properly relied on the videotape of the incident to resolve any factual disputes. *See Scott v. Harris,* 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *see also Shreve v. Franklin Cnty., Ohio,* 743 F.3d 126, 132 (6th Cir.2014) (stating "that witness accounts seeking to contradict an unambiguous video recording do not create a triable issue."). Fennell also claims that the videotape of the dayroom incident was "altered," but he does not specifically describe how the events depicted on the videotape differ from what actually occurred. *See Scott,* 550 U.S. at 378–81, 127 S.Ct. 1769. Therefore, the District Court properly denied Fennell's claim that Officers Hale and Leverknight used excessive force in the dayroom.

Fennell also claims that the District Court erred in concluding that he failed to exhaust his remaining claims.[3] The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted." **\*149** 42 U.S.C. § 1997e(a). "Proper exhaustion" is required to satisfy the PLRA's exhaustion requirement, *see Woodford v. Ngo,* 548 U.S. 81, 84, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006), and a procedurally defective administrative grievance precludes action in federal court. *See id.* at 90–91, 126 S.Ct. 2378; *Spruill v. Gillis,* 372 F.3d 218, 230 (3d Cir.2004). The PLRA's exhaustion requirement was intended to allow "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle,* 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

Fennell submitted two grievance forms.[4] On the first form, Fennell stated that "[on] [October 29, 2010] [w]hile at your Jail the [correctional officers] assaulted me and others helped later." On the second form, Fennell wrote that "I was assaulted by several Correctional Officer's [sic] at Cambria County Jail and now I want to file charge's [sic] on them." Although neither grievance is detailed, Cambria County Prison's Grievance Procedures provide only a general requirement that a grievance "detail[ ] the problem, the informal process used and the remedy being sought." *See* Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary ... but it is the prison's requirements ... that define the boundaries of proper exhaustion."). Fennell's grievance forms indicate that he was "assaulted," and nothing in those forms indicates that he was limiting his claim to the events that occurred in the dayroom. In fact, Fennell's reference in the first grievance form to "others help[ing] later" indicates that he was complaining about both the dayroom assault and the subsequent assault the cell. Under these circumstances, we conclude that it was error for the District Court to find that Fennell failed to exhaust his claims concerning the assault that occurred in the cell after the incident in the dayroom. *See* Strong v. David, 297 F.3d 646, 650 (7th Cir.2002) ("When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.... All the grievance need do is object intelligibly to some asserted shortcoming.").

The District Court properly held, however, that Fennell failed to exhaust his claim regarding the denial of medical care. Fennell did not raise the denial of medical care in his grievances, and his allegations of assault in those grievances do not fairly encompass a claim that he was not treated for his injuries. Thus, we will affirm the District Court's denial of Fennell's medical care claim to the extent that is based on his failure to exhaust prison administrative remedies.

For the foregoing reasons, we will affirm in part, vacate in part, and remand the matter to the District Court for further proceedings consistent with this opinion.

**All Citations**

607 Fed.Appx. 145

Footnotes

\*   This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1   Fennell also raised claims of false arrest, false imprisonment, and malicious prosecution, and he named as defendants Corrections Officer Cashoff, several other unnamed corrections officers, the Borough of Ebensburg, the City of Philadelphia, and Cambria County Prison. The Magistrate Judge recommended the dismissal of these claims and defendants. Fennell did not object, and the District Court adopted the Magistrate Judge's recommendation. Fennell does not challenge these conclusions in his brief. *See* Laborers' Int'l Union of N. Am., AFL–CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir.1994).

2   Fennell also filed a motion for reconsideration, which the District Court denied. We lack jurisdiction to review the denial of Fennell's motion for reconsideration because he did not file a separate notice of appeal, or an amended notice of appeal, from the order denying that motion. *See* Fed. R.App. P. 4(a)(4)(B)(ii); United States v. McGlory, 202 F.3d 664, 668 (3d Cir.2000).

3   The Appellees claim that Fennell did not raise in his Informal Brief a challenge to the District Court's conclusion that he failed to exhaust prison administrative remedies. *See* Appellees' Br., 19. Although "an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal[,]" United States v. Pelullo, 399 F.3d 197, 222 (3d Cir.2005), we must liberally construe Fennell's filings. *See, e.g.,* Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir.2003). Here, we conclude that Fennell's Informal Brief, liberally construed, fairly raises a challenge the District Court's exhaustion determination. *See* Appellant's Informal Brief, 1, 5 (alleging error with Magistrate Judge's June 28, 2013 report and recommendation, which itself held that his cell assault claim was unexhausted; requesting that we reverse and remand the case back to the lower court).

4   Fennell used forms supplied by the Pennsylvania Department of Corrections (DOC) because he was incarcerated at SCI–Houtzdale when he filed the grievance. Cambria County Prison did not reply directly to Fennell, but he was advised that the DOC's Office of Special Investigations and Intelligence had reviewed his grievance, concluded it lacked merit, and stated that no action would be taken. Fennell received another response indicating that his grievance had been forwarded to the Cambria County Prison. Based on this record, the District Court essentially concluded that Fennell substantially complied with Cambria County Prison's Grievance Procedures. *See* Nyhuis v. Reno, 204 F.3d 65, 77–78 (3d Cir.2000).

**End of Document**                                        © 2019 Thomson Reuters. No claim to original U.S. Government Works.