# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY L. MUTSCHLER, | No. 3:16-CV-00327 |
| Plaintiff, | (Judge Brann) |
| v. | |
| C.O. CORBY, | |
| Defendant. | |

## MEMORANDUM OPINION

### JUNE 5, 2020

Plaintiff Tony L. Mutschler, a *pro se* plaintiff who was formerly incarcerated at the State Correctional Institution at Frackville in Frackville, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment excessive force claim against Defendant Corrections Officer Corby; Corby allegedly grabbed and shoved Plaintiff.[1]  Presently before the Court is Plaintiff's motion for summary judgment, Defendant's motion to strike Plaintiff's motion for summary judgment, and Defendant's motion for summary judgment, which are all ripe for adjudication.[2] For the reasons that follow, the Court will grant the motion to strike, strike Plaintiff's motion for summary judgment, and grant Defendant's motion for summary judgment.

---

[1] Doc. 1.
[2] Docs. 61 (Defendant's motion for summary judgment), 68 (Plaintiff's motion for summary judgment), 69 (Defendant's motion to strike).

## I. FACTUAL BACKGROUND

Plaintiff Tony Mutschler was incarcerated by the Pennsylvania Department of Corrections at SCI Frackville during the time of the incidents alleged in the Complaint.[3] During this period, Defendant Corrections Officer Corby was employed at SCI Frackville. *See id.* While in the shower area, Defendant Corby allegedly shoved Plaintiff, which resulted in Plaintiff hitting his head.[4] At his deposition, Plaintiff explained that another corrections officer "spun" Plaintiff as he was trying to get into the shower.[5] As a result, Plaintiff lost his balance, and Defendant Corby grabbed him and shoved him backwards.[6] Defendants have submitted a video of the incident, which does depict Defendant Corby and another corrections officer walking Plaintiff to the shower and then something occurring between all three; however the actions described—the spinning, loss of balance, and shove—cannot clearly be delineated due to the quality of the video.

After the alleged shove, Plaintiff received medical treatment for a superficial abrasion and given ice.[7] The medical records related to this treatment also reflect that he had a headache.[8] No other injuries were noted or reported.[9]

---

[3] Doc. 1 at 1.
[4] Doc. 62 at 1.
[5] Doc. 63-1 at 30.
[6] *Id.* at 30, 34-35.
[7] Doc. 62 at 2.
[8] *Id.* at 11-12.
[9] *See id.*

## II.     STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.[10]  A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.[11]  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[12]  The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor.[13]  When the non-moving party fails to refute or oppose a fact, it may be deemed admitted.[14]

Initially, the moving party must show the absence of a genuine issue concerning any material fact.[15]  Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[16]  "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as

---

[10]  Fed. R. Civ. P. 56(c).
[11]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[12]  *Id.* at 250.
[13]  *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).
[14]  *See* Fed. R. Civ. P. 56(e)(2); Local R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").
[15]  *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986).
[16]  *Anderson*, 477 U.S. at 257.

great as a preponderance, the evidence must be more than a scintilla."[17] "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion.[18]

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'"[19] Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[20]

Here, Plaintiff has failed to oppose either the motion or the facts set forth in Defendant's statement of facts.[21] Pursuant to Federal Rule of Civil Procedure 56(e),[22] the Court has reviewed the statement of facts as well as each fact's citation to the record and will consider each fact undisputed.[23] A thorough and

---

[17] *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).
[18] Fed. R. Civ. P. 56(e)(2)-(3).
[19] *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).
[20] *Celotex Corp.*, 477 U.S. at 322.
[21] Plaintiff was granted an additional opportunity file a brief in opposition to the motion for summary judgment, however he still failed to file an opposition or otherwise respond to the motion. *See* Doc. 66 (granting extension of time *nunc pro tunc*).
[22] *See* Fed. R. Civ. P. 56(e)(1).
[23] *See* Fed. R. Civ. P. 56(e)(2).

comprehensive review of the record makes clear that no material fact is in dispute as to the dispositive issue in this case. As such, summary judgment is appropriate.[24]

### III. DISCUSSION

Before addressing Defendant's motion for summary judgment, the Court must first resolve Defendant's motion to strike Plaintiff's motion for summary judgment. In the motion to strike, Defendant correctly argues that Plaintiff's motion is untimely, as it was not filed until February 10, 2020. In this case, the Court established an extended deadline of September 23, 2019, for the filing of dispositive motions. Such a deadline, once established, may not be extended "absent good cause", pursuant to Federal Rule of Civil Procedure 16(b).

In his opposition to the motion to strike,[25] Plaintiff explains that on September 16, 2019, he was bitten by a copperhead snake and was hospitalized for three days. Then, on September 19, 2019, Plaintiff was confined under suicide watch. He says this is why he wrote to the Court on October 21, 2019, requested an extension of time to respond to Defendant's motion for summary judgment. The Court granted the motion, extending the response date until December 20, 2019. Plaintiff says he was then placed back under suicide watch on November 2, 2019, where he remained

---

[24] *See* Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it.").

[25] *See* Doc. 71.

until December 22, 2019. Plaintiff states that that he sent another letter requesting a further extension of time on December 28, 2019; however, there appears to be no record of this request on the docket and Plaintiff provides no proof of mailing such a letter. Plaintiff also states that he finally filed his motion for summary judgment on or about February 14, 2020.[26]

Although it appears that Plaintiff encountered certain issues during the past few months, Plaintiff has presented no circumstance that would constitute "good cause" for his failure to timely file his motion for summary judgment. Because Plaintiff has not presented good cause for deviating from the Court's deadline for dispositive motions, the Court will strike Plaintiff's motion for summary judgment, as untimely.[27]

Turning now to Defendant's motion for summary judgment, Plaintiff has brought his Eighth Amendment excessive force claim pursuant to 42 U.S.C. § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[26] The Court notes that his motion is dated February 10, 2020.
[27] The Court notes that for the reasons it will grant summary judgment in favor of Defendant, even if Plaintiff had timely filed his motion for summary judgment, such motion would be denied as a matter of law.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[28]  "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[29]

The Eighth Amendment prohibits cruel and unusual punishment, such as the unnecessary and wanton infliction of pain by prison officials, including the application of excessive force against inmates by prison officials.[30]  The relevant inquiry in evaluating a claim of excessive force by prison guards is whether the force used was applied in good faith to maintain or restore discipline, or sadistically or maliciously to cause harm.[31]  The Supreme Court has set forth a number of factors that must be considered in evaluating the use of force by prison officials.[32]  These include the extent of any injury to the prisoner, as well as "the need for application of force, the relationship between that need and the amount of force used, the threat

---

[28] *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).
[29] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).
[30] *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981); *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).
[31] *Hudson*, 503 U.S. at 6–7.
[32] *Whitley*, 475 U.S. at 319.

reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response."[33]

When considering such claims, the reasonableness of a particular use of force is often dependent upon factual context and must be "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[34] Deference must be given to prison officials' adoption of policies to restore order and discipline.[35] Finally, a *de minimus* use of force is not excessive force.[36]

Because analysis of an Eighth Amendment excessive force claim includes issues of motivation, excessive force claims often hinge on factual disputes which cannot be resolved as a matter of law. Summary judgment in favor of a defendant is therefore not appropriate if "it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain."[37]

---

[33] *Id. See also Hudson*, 503 U.S. at 8; *Giles v. Kearney*, 571 F.3d 318, 328 (2009); *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000).
[34] *Graham v. Connor*, 490 U.S. 386, 396–7 (1989).
[35] *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).
[36] *Reyes v. Chinnici*, 54 F. App'x 44, 48 (3d Cir. 2002) ("There exists some point at which the degree of force used is so minor that a court can safely assume that no reasonable person could conclude that a corrections officer acted maliciously and sadistically.") (concluding that punching an inmate in shoulder who looked as if he were about to spit on the officer was a *de minimus* use of force). *See also Taylor v. Sanders*, 2012 WL 4104871, at *7 (M.D. Pa. Sept. 18, 2012) (concluding that pushes from behind and physical contact on the back without evidence of injury is *de minimus* use of force).
[37] *Brooks*, 204 F.3d at 106 (quoting *Whitley*, 475 U.S. at 322).

The undisputed facts in this matter demonstrate that while physical contact did occur between Defendant Corby and Plaintiff, it was minimal.  Plaintiff admits that it consisted of a grab and a shove, and it only occurred after Plaintiff lost his balance.  Although the nature of the physical interaction cannot be determined from the video, it is clear that the interaction lasted approximately three seconds.  The only physical injury reported was a superficial abrasion, which only required ice.  Defendant asserts in his brief that he reasonably believed that Plaintiff was trying to leave the shower because when Plaintiff lost his balance, it appeared that he was leaving the shower door area.  While this may be true, it is immaterial to the disposition of this motion.  The undisputed facts demonstrate that as a matter law, the force used—a grab and shove—was *de minimus*, and the undisputed facts fail to establish as a matter of law even an inference of a sadistic or malicious motive.

Therefore, the Court will grant summary judgment in favor of Defendant, and against Plaintiff as to the claim of excessive force.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Defendant's motion to strike, strike Plaintiff's motion for summary judgment, and grant Defendant's motion for summary judgment.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge